# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 16-01495 RGK (PLA)** | Date | April 12, 2016 |
|---|---|---|---|
| Title | ***Anthony McFarland v. Melvin Wade, et. al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Defendant's Motion to Dismiss DE (5)**

## I.   INTRODUCTION

On December 21, 2015, Anthony McFarland ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Melvin Wade, Barbara Gaines, Greater Trinity Baptist Church Inc., California Missionary State Baptist Convention, Department of Veterans Affairs Health Care Systems ("VA"), Herbert Lusk, Bettye Lusk, Bethel Missionary Baptist Church, Gloria Dei Lutheran Church, Kenneth Fraser, Mountain View Central Seventh Day Adventist Church, Ricardo Graham, Patrick Fitzgerald, and Phil Hiroshima (collectively "Defendants"). Although difficult to ascertain, it appears Plaintiff alleges claims for Fraud and Negligent Misrepresentation. On March 3, 2016, the VA removed the action pursuant to 28 U.S.C. § 1442(a).

Presently before the Court, is the VA's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court **GRANTS** the VA's Motion, and Remands the action against the remaining Defendants to state court for lack of subject matter jurisdiction.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Defendants acted together and with a known California street gang, "Nuestra Family," congregants of various religious denomination, cults, and Islamic sects, and subjected Plaintiff to torture and punitive punishment. Defendants also stalked him twenty-four hours a day, seven days a week and forced Plaintiff to live in a state of homelessness. Furthermore, Defendants corrupted the California State Judicial System by causing Plaintiff to be denied medical treatment and interfered with Plaintiff's ability to exhume and examine the remains of his daughter, who he believes was murdered by the same medical experimentation as was used on Plaintiff by Defendants. Finally, Defendants falsely imprisoned

Plaintiff and subjected him to various medical experiments, which led to penis leprosy, facial disfigurement, and infections.

## III.   JUDICIAL STANDARD

A party may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). When a defendant files a Rule 12(b)(1) motion, the plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). At the pleading stage, a plaintiff must meet this burden by alleging sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. Fed. R. Civ. P. 8(a)(1); *McNutt v. Gen. Motors Acceptance Corp.*, 29 U.S. 178, 189 (1936).

## IV.   DISCUSSION

Plaintiff has failed to oppose this motion in compliance with Local Rule 7.9. Generally, failure to oppose a motion may be deemed consent by the non-moving party to the granting or denial of the motion. C.D. Cal. Civ. R. 7-12. Although such non-opposition may be deemed consent to granting Defendant's Motion to Dismiss, the Court nonetheless analyzes the motion on the merits.

### A.   The Court Lacks Subject Matter Jurisdiction Under the Derivative Jurisdiction Doctrine

The VA argues the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 1346, grants exclusive jurisdiction over tort claims filed against the United States. The VA argues that since the Los Angeles Superior Court never had subject matter jurisdiction over the action, the doctrine of derivative jurisdiction holds this Court lacks jurisdiction as well. The Court agrees.

When a case is removed from state court pursuant to 28 U.S.C. § 1442 the federal court's jurisdiction is derivative of the state court's jurisdiction. *In re Elko Cty Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none." *Id.*

The FTCA states in pertinent part: "the district courts...shall have exclusive jurisdiction of civil actions on claims against the Untied States." 28 U.S.C. § 1346(b)(1). Since Plaintiff commenced this action in state court, which lacks subject matter jurisdiction over tort claims against the United States, this Court also lacks jurisdiction.

### B.   The Court Also Lacks Subject Matter Jurisdiction Because Plaintiff Failed to Exhaust His Administrative Remedies

The VA also argues that even if this action had initiated in federal court, this Court would still lack subject matter jurisdiction because Plaintiff failed to properly exhaust his administrative remedies prior to filing suit. The Court agrees.

28 U.S.C. § 2675(a) states in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

The VA states it never received a claim from Plaintiff and Plaintiff has failed to oppose the VA's motion. Accordingly, since Plaintiff did not exhaust his administrative remedies, the Court lacks subject

matter jurisdiction over the action. *See McNeil v. United States*, 508 U.S. 106 (1993) ("An FTCA action may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit.").

## V.     <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** the VA's Motion to Dismiss pursuant to Rule 12(b)(1). Since the VA has been dismissed from the present action, and diversity jurisdiction does not exist, the case is **REMANDED** to state court.

<u>**IT IS SO ORDERED.**</u>

_____ : _____

Initials of Preparer                                    _____